WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Wilson,<br><br>        Plaintiff,<br><br>vs.<br><br>Yavapai County Sheriff's Office; Yavapai County Attorney's Office, Paul Julian, individually; Mary Hamm, individually, Shelia Polk, individually, Randy Evers, individually, Anna Mary Glaab, individually, Yavapai County, Arizona; Sam Dubois, individually,<br><br>        Defendants. | No. CV 11-8199-PCT-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff's Motion for Preliminary Injunction (Doc. 3 and Doc. 20), (2) Defendants' Motion to Dismiss (Doc. 7), (3) Plaintiff's Motion to Amend Response to Motion to Dismiss (Doc. 11), (4) Defendants' Motion to Strike Motion to Amend Response to Motion to Dismiss (Doc. 13), and (5) Defendants' Motion to Strike Plaintiff's Response to Defendants' Reply in Support of Motion to Dismiss (Doc. 17). The Court now rules on the Motions.

**I.     BACKGROUND**

On December 12, 2011, Plaintiff filed a Complaint in this Court. At the outset, the Court notes that Plaintiff's Complaint is lengthy and filled with argumentative legal conclusions. Despite the Complaint's lack of short, plain statements advising the Court and

1  Defendants what Plaintiff's claims are, the facts giving rise to Plaintiff's allegations appear
2  to be as follows.
3        Plaintiff alleges that, on April 15, 2009, he was arrested after a traffic stop without
4  warrant or probable cause by Defendant Officer Randy Evers ("Officer Evers"). (Doc. 1 at
5  18). Plaintiff alleges that "Defendants" illegally searched his vehicle without probable cause
6  and without a search warrant. (*Id.* at 27). Plaintiff alleges that Defendant Sam Dubois is the
7  president of a local water company. (*Id.* at 6). Plaintiff alleges that after he requested a
8  financial audit of the water company's finances, Dubois entered into a conspiracy with
9  Officer Evers to "shut [Plaintiff] up." (*Id.*). Plaintiff alleges that Officer Evers conducted
10 the traffic stop of Plaintiff the day after Plaintiff spoke out at a meeting of the water company
11 to further this conspiracy. (*Id.*).
12       Plaintiff alleges that, as a result of this traffic stop, he was charged with a
13 misdemeanor under Title 28 of the Arizona Revised Statutes. (*Id.* at 27). Plaintiff alleges
14 that his arrest is false and wrongful and he has been maliciously prosecuted. (*Id.* at 27).
15 Plaintiff alleges that the Yavapai County Sheriff's Office ("YCSO") turned the citation over
16 to the Yarnell Justice Court ("Justice Court") in Yavapai County. (*Id.*). Plaintiff alleges that
17 the Justice Court does not have subject matter jurisdiction over traffic violations and the
18 YCSO should have turned the citation over to the Arizona Department of Transportation,
19 which has "primary and exclusive jurisdiction over the Motor Vehicle Code" in Arizona.
20 (*Id.*). Plaintiff alleges that the YCSO has a policy and practice of turning citations over to
21 the Justice Court, but citations should properly be turned over to the Arizona Department of
22 Transportation. (*Id.*).
23       Plaintiff alleges that he filed a Motion to Dismiss for lack of subject matter
24 jurisdiction in Yarnell Justice Court, but Defendant Mary Hamm, "an unelected Justice of
25 the Peace pro tem appointed by Defendants" who was "substituting for" Defendant Anna
26 Mary Glaab, "elected justice," "denied plaintiff's motion to dismiss for lack of subject-matter
27 jurisdiction erroneously stating 'the court holds concurrent jurisdiction with the Arizona
28 Department of Transportation.'" (*Id.* at 19). Plaintiff alleges that William Kunisch, an

1  assistant county attorney at the Yavapai County Attorney's office ("YCA"), acting on behalf
2  of his supervisor, Defendant Shelia Polk, intentionally misled the Justice Court when arguing
3  the jurisdiction issue. (*Id.*). Plaintiff alleges that Defendant Hamm and Defendant Kunisch
4  had an ex parte meeting to further their conspiracy to violate Plaintiff's due process rights.
5  (*Id.* at 46).

6  Plaintiff alleges that after Defendant Hamm denied his Motion to Dismiss, he filed a
7  Special Action to the Yavapai County Superior Court ("Superior Court"). (*Id.*). Plaintiff
8  alleges that Judge Tina Ainly of the Yavapai County Superior Court refused to consider his
9  "Special Action." (*Id.* at 19-20). Plaintiff alleges that he then filed a Special Action Appeal
10 to the Arizona Court of Appeals, Division 1. (*Id.* at 20). Plaintiff alleges that "Division 1
11 stated that the appeal was untimely and plaintiff's only opportunity to determine jurisdiction
12 is **after** conviction at trial." (*Id.* (emphasis in original)). Plaintiff alleges that Defendant
13 Justice Court Judge Paul Julian "came to the erroneous conclusion that the Superior Court
14 and the Appellate court 'plainly state' that jurisdiction resides with the Justice Court." (*Id.*
15 at 10). Plaintiff moved the Appeals Court for reconsideration, but was denied. (*Id.* at 21).

16 Plaintiff alleges that the Justice Courts of Arizona, Yavapai County, the YCSO, and
17 the YCA are involved in a RICO conspiracy to prosecute individuals in Justice Court,
18 although the Justice Court does not have subject matter jurisdiction over such Plaintiffs. (*Id.*
19 at 6-7, 21). Plaintiff alleges that this conspiracy exists to "extort millions of dollars from the
20 motoring public" and the funds are retained by the Yavapai County Treasurer's Office. (*Id.*
21 at 7). Plaintiff alleges that "[f]ifteen percent of all fees collected at justice courts go to the
22 justice's retirement fund. This provides motivation to continue the enterprise." (*Id.* at 13).

23 As a result of above allegations, Plaintiff alleges claims under 42 U.S.C. § 1983, to
24 be free from excessive and unreasonable police action, the deprivation of liberty without due
25 process of law, the right to be secure against unreasonable searches and seizures, and the
26 right to equal protection of the laws. (*Id.* at 28). Plaintiff alleges that he is being denied his
27 due process rights because, among other reasons, the Justice Court does not have jurisdiction
28 over him, the Justice Court denied him a proper evidentiary hearing, and the Justice Court

1 has not required that a proper charging statement be filed against him.  (*Id.* at 37-41).

2 Plaintiff seeks a preliminary injunction enjoining his trial on his misdemeanor traffic
3 citation that is set to begin on May 2, 2012 in Justice Court.  (Doc. 20 at 2).

4 Defendants have moved to dismiss Plaintiff's federal claims because: (1) Plaintiff has
5 failed to state a claim upon which relief can be granted under Federal Rules of Civil
6 Procedure 12(b)(6), (2) this Court lacks subject matter jurisdiction under Federal Rules of
7 Civil Procedure 12(b)(1), the *Rooker-Feldman* Doctrine and the *Younger-Pullman*
8 Abstention Doctrine, (3) Plaintiff has failed to file claims within the applicable statute of
9 limitations, (4) the individual prosecutors and judges in Plaintiff's Complaint are entitled to
10 absolute immunity, and (5) the YCSO and the YCA are non-jural entities not subject to suit.
11 Defendants move to dismiss Plaintiff's state law claims because: (1) Plaintiff failed to file
12 a notice of claim, (2) Plaintiff failed to file claims within the applicable statutes of limitation,
13 and (3) Defendants are entitled to immunity on all state law claims.  The Court will discuss
14 each of Defendants' arguments in turn.

15 **II.    LEGAL STANDARDS AND ANALYSIS**[1]

---

[1] Plaintiff filed two Responses to Defendant's Motion to Dismiss. The First Response (Doc. 8) is nineteen pages and was filed on January 9, 2012. The Second Response (Doc. 11) is thirty-two pages and was filed on January 12, 2012. Defendants filed a Motion to Strike the second Response as non-compliant with LRCiv 7.2(e). (Doc. 13). Both Responses exceed the 17-page-limit required by LRCiv 7.2(e). "Enforcement of this Local Rule assures one party does not have a briefing advantage over an adverse party who complies with the page limitation." *AZ Holding, L.L.C. v. Frederick,* No. CV-08-0276-PHX-LOA, 2010 WL 500443, at *2 (D. Ariz. Feb. 10, 2010). Because Defendants have responded to Plaintiff's original Response, the Court will consider Plaintiff's original Response (Doc. 8) in considering the Motion to Dismiss and Plaintiff's Second Response (Doc. 11) will be stricken. However, the Court has read Plaintiff's Second Response and notes that nothing in Plaintiff's Second Response (Doc. 11) would change the Court's ruling with regard to a possible amendment of Plaintiff's Complaint.

Further, Plaintiff filed a Reply to Defendants' Reply in Support of its Motion to Dismiss (Doc. 16). Defendants filed a Motion to Strike the Reply to the Reply as non-compliant with Federal Rules of Civil Procedure 7 and LRCiv 7.2. (Doc. 17). LRCiv 7.2 solely allows an opposing party to file a Response in opposing any Motion. Accordingly,

### A. The *Younger* Abstention Doctrine

The *Younger* abstention doctrine provides that federal courts are not to interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). "Absent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). As recognized in *Younger*, an ongoing criminal proceeding implicates important state interests.

In this case, Plaintiff seeks to have this Court enjoin his pending trial in Justice Court based on a misdemeanor traffic violation. To be entitled to a preliminary injunction, Plaintiff must show that:(1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24-25 (2008).

When a federal court is asked to interfere with state criminal proceedings, the irreparable harm that Plaintiff must show is far beyond the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution." *Younger,* 401 U.S. at 46. Where, as here, the only injury Plaintiff would suffer is that "incidental to every criminal proceeding brought lawfully and in good faith," Plaintiff is unable to demonstrate an irreparable injury that would warrant a preliminary injunction enjoining pending state court proceedings. *Id.* at 49 (internal citation omitted).

Nothing in Plaintiff's Complaint, Response to the Motion to the Dismiss, or Motion for Preliminary Injunction convinces the Court that Plaintiff's rights cannot be adequately protected in the state court proceedings. To the extent Plaintiffs' allegations arise from

---

Plaintiff's Reply to Defendants' Reply in Support of its Motion to Dismiss (Doc. 16) will be stricken. However, the Court has read Plaintiff's Reply to Defendants' Reply in Support of its Motion to Dismiss (Doc. 16) and notes that nothing in Plaintiff's Reply (Doc. 16) would change the Court's ruling with regard to a possible amendment of Plaintiff's Complaint.

- 5 -

1  violations of his rights regarding the manner of his arrest, Plaintiff is able to challenge such
2  violations in the state court proceedings. None of Plaintiff's allegations demonstrate that the
3  state court would be unable or unwilling to protect Plaintiff's constitutional rights. Further,
4  once a final judgment is entered in the state court proceedings, Plaintiff will be able to appeal
5  such rulings and bring his jurisdictional arguments to the attention of the state appellate
6  court.[2] Accordingly, plaintiff will have an adequate opportunity to litigate his claims in state
7  court.

8  Thus, this case does not present that type of unusual situation wherein it would be
9  appropriate for federal intervention into state court proceedings. Accordingly, Plaintiff's
10 request for an order enjoining his upcoming state criminal proceedings is denied.[3]

### B. Immunity and Non-Jural Entities

12 Defendants Paul Julian, Mary Hamm, and Anna Mary Glaab are entitled to judicial
13 immunity on Plaintiff's section 1983 violations and alleged RICO conspiracy. "Judges and
14 those performing judge-like functions are absolutely immune from damages liability for acts
15 performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
16 1986). Here, all of Plaintiff's allegations against Judges Julian, Hamm, and Glaab involved
17 actions they took in while performing in their judicial capacity. Thus, Judges Julian, Hamm,

---

[2] Plaintiff's ability to obtain relief within the normal state court appellate process was affirmed by the Arizona Court of Appeals, when it decided Plaintiff's Special Action appeal, "Further, Wilson's challenge to subject matter jurisdiction can be raised on appeal to the superior court if he is convicted." *Wilson v. Yarnell Justice Court*, No. 1-CA-CV 09-0783, 2010 WL 5059609, at *1 (Ariz. Ct. App. Nov. 9, 2010) (internal citation omitted).

[3] Even if *Younger* abstention did not apply, the Court could not find that Plaintiff has demonstrated a likelihood of success on the merits of his claim that the Justice Court lacks jurisdiction over Plaintiff's criminal misdemeanor case. In ruling on Plaintiff's Special Action appeal, the Arizona Court of Appeals specifically recognized that "justice courts have subject matter jurisdiction over misdemeanor and criminal offenses with penalties up to $2500 in fines and six months in jail. *See* Ariz. Rev. Stat. ("A.R.S.") § 22-301 (Supp. 2009); *Rogers v. Cota*, 223 Ariz. 44, 46, ¶ 5, 219 P.3d 254, 256 (App. 2009)." *Wilson v. Yarnell Justice Court*, No. 1-CA-CV 09-0783, 2010 WL 5059609, at *1 (Ariz. Ct. App. Nov. 9, 2010). Accordingly, Plaintiff is unable to demonstrate a likelihood of success on the merits of his claim that the Justice Court lacks jurisdiction over his criminal misdemeanor case.

1    and Glaab are entitled to judicial immunity on Plaintiff's section 1983 and RICO claims. *See*
2    *id.* at 1078 (applying judicial immunity to RICO and section 1983 actions and noting that,
3    in determining immunity, the focus should be on the nature of the function performed and
4    not the nature of the underlying action).

5    Likewise, Defendant Sheila Polk is entitled to prosecutorial immunity on all of
6    Plaintiff's claims against her. "Where a prosecutor acts as an advocate 'in initiating a
7    prosecution and in presenting the state's case,' absolute immunity applies." *Id.* at 1075.
8    Here, all of Plaintiff's allegations against Prosecutor Polk were undertaken in judicial
9    proceedings and occurred in the course of her role as an advocate for the State. Accordingly,
10   Prosecutor Polk is entitled to prosecutorial immunity on Plaintiff's section 1983 and RICO
11   claims.

12   Further, the Yavapai County Sheriff's Office and Yavapai County Attorney are non-
13   jural entities that are not subject to suit. "Governmental entities have no inherent power and
14   possess only those powers and duties delegated to them by their enabling statutes. . . . Thus,
15   a governmental entity may be sued only if the legislature has so provided." *Braillard v.*
16   *Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010). In their Motion to Dismiss,
17   Defendants argued that the Yavapai County Sheriff's Office and Yavapai County Attorney
18   are non-jural entities. In responding to the Motion to Dismiss, Plaintiff failed to offer any
19   authority to the contrary and the Court is not aware of any statute allowing those entities to
20   be sued. Accordingly, all claims against the Yavapai County Sheriff's Office and the
21   Yavapai County Attorney must be dismissed.

22   Accordingly, the only remaining Defendants are Randy Evers, Yavapai County, and
23   Sam Dubois. The Court will now discuss whether Plaintiff's claims against these Defendants
24   should be dismissed for failure to state claim upon which relief can be granted.

25   **C.    Failure to State Claim Upon Which Relief can be Granted**

26   Defendants have also moved to dismiss the Complaint for failure to state a claim upon
27   which relief can be granted pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion
28   for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2)

requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal/Twombly* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

### 1. RICO Conspiracy Claims, Section 1983 Claims and *Monell* Liability

#### A. Yavapai County

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). "To maintain a § 1983 claim against a local governing body, the plaintiff must establish a 'policy or custom' attributable to the body and allege that the policy or custom was the 'moving force' behind the constitutional deprivation." *Thomas v. Maricopa County Bd. of Supervisors*, CV 07-0258-PHX-DGC, 2007 WL 2995634, at *5-6 (D. Ariz. Oct. 12, 2007).

All of Plaintiff's allegations regarding a RICO conspiracy, section 1983 violations, and *Monell* liability on the part of the County arise from Plaintiff's legal conclusion that the Justice Court does not have jurisdiction over his criminal misdemeanor case. The Court construes Plaintiff's claims against the County as alleging that the County has a custom or policy of allowing the Justice Court to preside over misdemeanor traffic cases. However,

- 8 -

Plaintiff has not sufficiently alleged a constitutional deprivation as a result of this "policy or custom." All of Plaintiff's claims against Yavapai County regarding alleged constitutional deprivations as a result of the Justice Court exercising jurisdiction over him (including violations of his due process rights) are conclusory and without factual bases.

If the Court were to consider the merits of Plaintiff's claim that the Justice Court's exercise of jurisdiction is somehow itself a constitutional violation, the *Younger* Abstention Doctrine (as discussed more fully above) prevents the Court from engaging in such an analysis. Any arguments Plaintiff has regarding the merits of that claim can be brought before the Justice Court and then, if necessary, in the course of the normal state appellate process.

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Yavapai County and, thus, Yavapai County is dismissed.

### B. Defendants Randy Evers and Sam Dubois

Defendants argue that the statute of limitations for Plaintiff's section 1983 false arrest claims and section 1983 conspiracy claims has run. Because the Supreme Court has "directed the lower federal courts in § 1983 cases to borrow the state-law limitations period for personal injury claims," *Felder v. Casey*, 487 U.S. 131, 140 (1988), federal courts in Arizona apply a two-year statute of limitations to all § 1983 claims, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998); *see* A.R.S. § 12-542. "The statute of limitations for a section 1983 claim seeking damages for false arrest in violation of the Fourth Amendment . . . beings to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In this case, Plaintiff alleges that he was arrested without warrant and without probable cause on April 15, 2009. Plaintiff did not file his Complaint in this Court until December 12, 2011. Accordingly, Plaintiff's claim for section 1983 false arrest is barred by the statute of limitations.[4]

---

[4] The Court notes that Plaintiff will have a full opportunity to challenge the falsity of his arrest in the state court criminal proceedings. However, Plaintiff's § 1983 claim for damages arising from a false arrest is barred by the statute of limitations.

- 9 -

Further, to the extent Plaintiff is asserting a § 1983 conspiracy theory, the Ninth Circuit has determined that the "last overt act" doctrine applies to the accrual of civil conspiracies for limitations purposes. *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986). Under the last overt act doctrine, the injury and damage in a civil conspiracy action flows from the overt acts, not from the mere continuance of a conspiracy, and the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff. *Id.* (holding that a plaintiff may recover only for the overt acts that specifically were alleged to have occurred within the limitations period). In this case, Plaintiff alleges that Defendant Dubois and Officer Evers entered into a conspiracy to arrest him. Because the arrest occurred more than two years ago, Plaintiff's section 1983 conspiracy claim based on his false arrest is likewise barred. Accordingly, all claims against Randy Evers are dismissed.

Defendant Sam Dubois has not appeared in this case. However, dismissal against non-moving Defendants is appropriate, where, as here, the non-responding Defendants are in a position similar to the moving Defendants. *See Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.") (internal citations omitted). The only well-pled allegations against Sam Dubois are related to Plaintiff's false arrest and are barred by the statute of limitations. Accordingly, all claims against Defendant Dubois are dismissed.

### III.   STATE LAW CLAIMS

To the extent Plaintiff attempts to assert any state law claims against Defendants, the Court declines to exercise jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

### IV.   LEAVE TO AMEND

There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (quoting *Balistreri*, 901 F.2d at 701). However, granting leave to amend is inappropriate if the court determines " that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe*

*v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Plaintiff's claims are barred by judicial and prosecutorial immunity, the *Younger* Abstention doctrine, and applicable statutes of limitations. Plaintiff could not overcome these bars to his claims through any amendment. Accordingly, the Court finds that granting Plaintiff leave to amend would be futile.

**V.     CONCLUSION**

Based on this foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is granted. The Clerk of the Court shall enter judgment for Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 3 and Doc. 20) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Response to Motion to Dismiss (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Motion to Amend Response to Motion to Dismiss (Doc. 13) is granted. The Clerk of the Court shall strike Doc. 11 from the Docket..

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Plaintiff's Response to Defendants' Reply in Support of Motion to Dismiss (Doc. 17) is granted. The Clerk of the Court shall strike Doc. 16 from the Docket.

DATED this 28th day of March, 2012.

James A. Teilborg
United States District Judge