**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Wilson, | CV 11-08199-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Yavapai County Sheriff's Office; Yavapai County Attorney's Office; Paul Julian, individually; Mary Hamm, individually; Sheila Polk, individually; Anna Mary Glaab, individually; Yavapai County, Arizona; Sam Dubois, individually; | |
| Defendants. | |

Pending before the Court are: (1) Plaintiff's Note to the Court and Motion to Re-Open this Complaint (Doc. 33), (2) the Yavapai County Defendants' Motion to Strike Plaintiff's Response to Defense Reply (Doc. 32); and (3) and Defendants' Motion for Attorneys' Fees (Doc. 23). The Court now rules on the Motions.

**I.    BACKGROUND**

On December 12, 2011, Plaintiff pro se Dale Wilson ("Plaintiff") filed a Complaint alleging that, on April 15, 2009, he was arrested and charged with a misdemeanor under Title 28 of the Arizona Revised Statutes after a traffic stop that was "without a warrant and without probable cause." Doc. 1 at 18. Plaintiff also alleged claims under 42 U.S.C. § 1983. *Id.* at 28. All of Plaintiffs claims related to his argument that the Yarnell Justice Court ("Justice Court") in Yavapai County did not have subject matter jurisdiction over traffic violations and that the Yavapai County Sheriff's Office ("YCSO") should have turned the

1  citation over to the Arizona Department of Transportation, which, Plaintiff alleged, has
2  "primary and exclusive jurisdiction over the Motor Vehicle Code" in Arizona. *Id.*

3  On March 29, 2012, this Court granted Defendants' Motion to Dismiss, finding that
4  Plaintiff's claims were barred by judicial and prosecutorial immunity, the *Younger*
5  Abstention doctrine, and the applicable statutes of limitations. Doc. 21. Plaintiff now moves
6  for reconsideration of this Court's March 29, 2012 Order dismissing his case (Doc. 33) and
7  Defendants move for an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) in the
8  amount of $9,820.00 (Doc. 23 at 2).

**II.    PLAINTIFF'S MOTION FOR RECONSIDERATION**

    **A.    Legal Standard**

Under the Federal Rules of Civil Procedure, a motion for reconsideration can be brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). Rule 59(e) governs motions filed within 28 days of entry of judgment. *See Coyaso v. Bradley Pac. Aviation, Inc.*, CIV. 11-00267 JMS, 2012 WL 1883718 (D. Haw. May 21, 2012); *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008). "A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Generally, the Court will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g).

Alternatively, if a motion for reconsideration is filed more than 28 days after the judgment, it will be considered under Rule 60(b). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment, or (6) "extraordinary

circumstances" which would justify relief. Fed. R. Civ. P. 60(b); *see Fuller*, 950 F.2d at 1442 (citing *Taylor*, 871 F.2d at 805).

### B.     Analysis

Plaintiff filed a Motion to Re-Open the Complaint, which the Court construes as a Motion for Reconsideration ("Motion") on July 13, 2012 (Doc. 33), more than 28 days after judgment was entered in favor of Defendants on March 29, 2012 (Doc. 22). Although Plaintiff failed to indicate which Federal Rule of Civil Procedure governs his Motion for Reconsideration, Rule 60(b) must apply because Plaintiff did not file his motion within 28 days as required by Rule 59(e). In his Motion, Plaintiff alleges that he has "discovered the 'smoking gun' which proves his contention that the justice courts and the county attorney's office lack jurisdiction over the motor vehicle code in Arizona." Doc. 33 at 2. Previously, Plaintiff argued that Arizona Revised Statutes section 28-332 "plainly state[s] that [the] Arizona Department of Transportation enjoy[s] 'primary and exclusive jurisdiction' over the motor vehicle code." Doc. 29 at 2.

Plaintiff now argues that, under Arizona Revised Statutes section 28-333, "the Arizona Attorney General is the only entity empowered to prosecute and defend matters arising under this Title." Doc. 33 at 2. Plaintiff further contends that the "present manner of handling traffic tickets in Arizona is incorrect, against the laws, and an institutional, systemic deprivation of the rights of all who come to justice courts to have their traffic tickets adjudicated." *Id*. at 3.

While Plaintiff argues that these circumstances justify reconsideration, a Rule 60(b) motion can only be granted if Plaintiff carries his burden of establishing excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or "extraordinary circumstances" that justify relief. Fed. R. Civ. P. 60(b); *see Fuller*, 950 F.2d at 1442 (citing *Taylor*, 871 F.2d at 805). Here, Plaintiff's failure to cite a pre-existing statute and/or to pursue a different theory of his case does not constitute excusable neglect for the purpose of granting a motion for reconsideration. Further Plaintiff does not state, in a legally sufficient manner, the relationship between Arizona Revised Statutes section 28-333 and the issues in

the case. Additionally, the Court agrees with Defendants that Plaintiff's Motion for Reconsideration further illustrates his determination to pursue baseless claims in the federal forum. *See* Doc. 34 at 2.

Thus, because Plaintiff failed to argue or present evidence supporting any of the factors necessary for this Court to grant a Rule 60(b) motion for reconsideration, Plaintiff's Motion is denied.

**III. ATTORNEYS' FEES**

**A. Defendants' Entitlement to Attorneys' Fees**

**1. Legal Standard**

Defendants bring their Motion for Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988(b), which states in relevant part: "In an action or proceeding to enforce a provision of section . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." The court may, in its discretion, award attorneys' fees to the prevailing party in a Civil Rights Act case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Ninth Circuit Court of Appeals has further clarified this standard, holding that attorneys' fees are awardable in an action brought under § 1983 if the action was unreasonable, frivolous, meritless or without foundation, or when the plaintiff continued to litigate after it clearly became unreasonable, frivolous, meritless or without foundation. *Herb Hallman Chevrolet, Inc. v. Nash-Holmes,* 169 F.3d 636, 645 (9th Cir. 1999).

However, "a defendant is entitled only to the amount of attorneys fees attributable exclusively to a plaintiff's frivolous claims." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011). An action is frivolous, for purpose of an attorneys' fees award under § 1988, when the result appears obvious or the arguments are wholly without merit. *See Christiansburg*, 434 U.S. at 422. A defendant can recover attorneys' fees if the plaintiff violates the § 1988 standard at any point during the litigation, not just at its inception. *Id*.

**2. Analysis**

Defendants argue that they are entitled to an award of attorneys' fees because "Plaintiff's claims demonstrate that he has filed a suit (and now a subsequent appeal) based on claims that have no legal basis." Doc. 28 at 4. Specifically, Defendants' argue that Plaintiff's case is frivolous because his main contention ("that ADOT has exclusive jurisdiction over criminal traffic offenses") is baseless and unsupported. Doc. 30 at 3. The Court agrees.

In its Order granting Defendant's Motion to Dismiss, this Court found that "Plaintiff's claims [were] barred by judicial and prosecutorial immunity, the *Younger* Abstention doctrine, and applicable statutes of limitations" and that "Plaintiff could not overcome these bars to his claims through any amendments." Doc. 21 at 11. Plaintiff knew or should have known that his claims lacked merit prior to this Order. First, Plaintiff already had a decision from the Arizona Court of Appeals regarding his most prominent claim—that exclusive jurisdiction to adjudicate his criminal misdemeanor case lies solely with the Arizona Department of Transportation—when he filed his original Complaint in December 2011. *See* Doc. 1 at 9. The Arizona Court of Appeals opinion specifically found that Plaintiff had the ability to raise his claims based on the constitutionality of the municipal court's jurisdiction in the course of his state court appeal. And indeed, in holding that Plaintiff's claim was barred by the *Younger* Abstention doctrine, this Court again advised Plaintiff that these claims had to be brought in the course of the normal appellate process in state court. Second, Plaintiff at no time makes any cognizable legal argument that certain Defendants were not entitled to judicial or prosecutorial immunity. Finally, while Plaintiff may have believed his § 1983 false arrest and conspiracy claims were not frivolous at the outset of litigation, after Defendants argued that these claims were barred by the applicable statute of limitations, Plaintiff failed to present any cognizable legal argument that they were not time-barred. Accordingly, Plaintiff had every reason and opportunity to withdraw his frivolous claims, but chose instead to pursue them.

For the foregoing reasons, the Court finds that all of Plaintiff's claims were frivolous, meritless, or without foundation. Plaintiff's repeated filings, both repetitive and frivolous in

nature, further support this finding.

Accordingly, the Court finds that Defendants are entitled to their attorneys' fees in defending Plaintiff's frivolous claims in this case and must now determine whether or not the claimed fees are reasonable.

### B. Reasonableness of Defendants' Attorneys' Fees

#### 1. Legal Standard

28 U.S.C. § 1988 allows the prevailing party reimbursement of only a reasonable fee. The proper method of determining a reasonable attorney's fee is the lodestar method of calculation, which multiplies the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011) (internal citations omitted). The prevailing market rate in the community is indicative of a reasonable hourly rate. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). Additionally, the claimant must show that the time spent was reasonably necessary and that its counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 1263 (quoting *Sealey, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)).

Although the lodestar figure is presumptively reasonable, the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors. *Bluetooth*, 654 F.3d at 942. Rare and exceptional circumstances that can be taken into account for an enhancement of the lodestar figure are (1) when the hourly rate does not represent the attorneys' true market value (court can calculate by linking the attorneys' ability to the prevailing market rate), (2) when the litigation includes an extraordinary outlay of expenses and is exceptionally protracted (court can calculate by, for example, applying a standard rate of interest to the qualifying outlays and expenses), and (3) when there is an exceptional delay in the payment of fees (the court can calculate by basing the award on current hourly rates or by adjusting the fee based on historical rates to reflect the present value). *Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S. Ct. 1662, 1674-75

1  (2010).

2  **2. Analysis**

3  The Court finds that the attorneys' fees requested by Defendants are reasonable under
4  the lodestar method. An hourly rate of $205/hour based on defense counsel's 22 years of
5  experience is certainly reasonable for this type of work within the Phoenix area.
6  Additionally, the Court finds that Defendants' submitted records "sufficient[ly] detail[ed]
7  that a neutral judge [could] make a fair evaluation of the time expended, the nature and need
8  for the service, and the reasonable fees to be allowed." *Jordan* at 1263 (quoting *Hensley v.
9  Eckerhart*, 461 U.S. 424, 441 (Burger, C.J., concurring)). The number of hours set forth by
10 Defendants' counsel in Defendants' Supporting Document 2 (Doc. 28-1 at 6–9) are
11 appropriate and reasonable based upon the nature of the matter.

12 Plaintiff argues that attorneys' fees should not be awarded because his financial
13 situation makes the payment of Defendants' attorneys' fees an undue burden. Specifically,
14 Plaintiff alleges that he has been "unemployed and has been for over a year." Doc. 29 at 3.
15 While financial hardship weighs in Plaintiff's favor, he has failed to offer sufficient evidence
16 to overcome Defendants' entitlement to attorneys' fees.

17 Finally, the Court could increase Defendants' attorneys' fees because counsel was not
18 charging his true market value in this case. *See* Doc. 28 at 6 (explaining that defense counsel
19 reduces his rate from $300 to $205 for government clients). However, while the Supreme
20 Court allows for the enhancement of a lodestar figure where, as here, "the hourly rate does
21 not represent the attorneys' true market value," *Perdue,* 130 S. Ct. at 1668, this Court
22 declines to grant an upward departure due to Plaintiff's alleged financial burden. The Court
23 does find, however, that Defendants' attorneys' fees, as requested, are reasonable under the
24 circumstances.

25 **IV. CONCLUSION**

26 Based on the foregoing,

27 **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 33) is denied.

28 **IT IS FURTHER ORDERED** that the Yavapai County Defendants' Motion to Strike

1  Plaintiff's Response to Defense Reply (Doc. 32) is denied.

2  **IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees (Doc.
3  23) is granted in the amount of $9,820.00.

4  DATED this 31st day of July, 2012.

James A. Teilborg
United States District Judge